United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRAEL FERRER VALLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3665 |
| | § | |
| RANDALL TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Irael Ferrer Valle ("Petitioner"), a citizen of Cuba, entered the United States on December 7, 2023, through the CBP One process and was issued an I-94 parole authorizing his admission to the United States through December 7, 2025.[1] On February 28, 2025, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status under the Cuban Adjustment Act.[2] That application remains pending.[3] On April 6, 2026, Petitioner was transferred to Immigration and Customs Enforcement custody from local custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 11. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

[4]Id. at 4 ¶ 12.

a bond hearing violates due process.[5]  Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[6]

Also pending before the court is Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ") (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission and that the legality of his arrest cannot be used to challenge the legality of his detention.[7]  Petitioner has filed a reply.[8]

Respondents have not shown that Petitioner is subject to mandatory detention under § 1225(b)(2).  Although Respondents argue that Petitioner's case cannot be distinguished from Buenrostro because he is "an alien present in the United States who entered the country unlawfully without being admitted or paroled,"[9] the record clearly establishes that Petitioner entered the United States on December 7, 2023, through the CBP One process and was issued an I-94 parole authorizing his admission to the United

---

[5]Id. at 14-15 ¶¶ 41-47.

[6]Id. at 15-16 ¶¶ 48-54.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

[8]Petitioner's Reply in Support of His Petition for Writ of Habeas Corpus and in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 6.

[9]Respondents' MSJ, Docket Entry No. 5, p. 3.

States through December 7, 2025.[10]  Although the parole date has passed, there is no evidence that Petitioner has been served with a Notice to Appear denying him admission into the United States.

For the reasons explained above, Respondents are **ORDERED** to either file a response by July 7, 2026, explaining why Petitioner is subject to mandatory detention under § 1225(b)(2) or to provide Petitioner a bond hearing by July 7, 2026.  The parties are further **ORDERED** to file a status report with the court by July 14, 2026.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2026.

                                    SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE

---

[10]Most Recent I-94, Exhibit 1 to Habeas Petition, Docket Entry No. 1-1, p. 4.

-3-