IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRAEL FERRER VALLE,             §
                                §
              Petitioner,       §
                                §
v.                              §      CIVIL ACTION NO. H-26-3665
                                §
RANDALL TATE, et al.,           §
                                §
              Respondents.      §

## MEMORANDUM OPINION AND ORDER

Irael Ferrer Valle ("Petitioner"), a citizen of Cuba, entered the United States on December 7, 2023, through the CBP One process and was paroled into the country through December 7, 2025.[1] On December 7, 2023, Petitioner was served with a Notice to Appear, classifying him as an arriving alien and charging him with removability pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 11. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

issued by the Attorney General."[2]  On February 28, 2025, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status under the Cuban Adjustment Act.[3]  The application remains pending.[4]  On April 6, 2026, Petitioner was transferred to Immigration and Customs Enforcement custody from local custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[6]  Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[7]

Also pending before the court is Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ") (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission and that the legality of his arrest cannot be used to challenge the legality of his detention.[8]  Petitioner has filed a reply.[9]

---

[2]Notice to Appear, Exhibit 1 to Advisory to the Court, Docket Entry No. 8-1, pp. 1, 4.

[3]Habeas Petition, Docket Entry No. 1, p. 3 ¶ 11.

[4]Id.

[5]Id. at 4 ¶ 12.

[6]Id. at 14-15 ¶¶ 41-47.

[7]Id. at 15-16 ¶¶ 48-54.

[8]Respondents' MSJ, Docket Entry No. 5, pp. 1-2, 10.

[9]Petitioner's Reply in Support of His Petition for Writ of
(continued...)

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). <u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494, 498, 502 (5th Cir. 2026).[10]    This mandatory detention does not violate substantive or procedural due process. As explained in <u>Garcia De La Cruz v. Bondi</u>, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" <u>Id.</u> at *2 (quoting <u>Demore v. Kim</u>, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in <u>Jacobo-Ventura v. Dickey</u>, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner

_____

[9](...continued)
Habeas Corpus and in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 6.

[10]On June 23, 2026, the court entered a memorandum opinion and order finding that because there was no evidence that Petitioner had been "served with a Notice to Appear denying him admission into the United States," Respondents had not shown that Petitioner is subject to mandatory detention under § 1225(b)(2). Memorandum Opinion and Order, Docket Entry No. 7, pp. 2-3. On June 23, 2026, Respondents submitted evidence that Petitioner had been served with a Notice to Appear on December 7, 2023. Advisory to the Court, Docket Entry No. 8, p. 1. Because the Notice to Appear classifies Petitioner as an arriving alien and charges him removability, it is clear that Petitioner has not been admitted to the United States. Notice to Appear, Exhibit 1 to Advisory to the Court, Docket Entry No. 8-1, pp. 1, 4.

-3-

is not entitled to a bond hearing as a matter of procedural due process.

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(i), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE